# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STROITELSTVO BULGARIA LTD., )<br>)<br>) | |
| Plaintiff, ) | Case No.: 1:07-CV-00634-RMC |
| v. ) | |
| ) | Hon. Rosemary M. Collyer |
| THE BULGARIAN-AMERICAN ENTERPRISE )<br>FUND and THE BULGARIAN-AMERICAN )<br>CREDIT BANK, ) | |
| Defendants. ) | |

## DEFENDANT BULGARIAN-AMERICAN ENTERPRISE FUND'S MOTION AND MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER THE ACTION TO THE NORTHERN DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C. § 1404(a)

This case arises from a dispute over a Loan Agreement between two Bulgarian companies — plaintiff Stroitelstvo Bulgaria, Ltd. ("Stroitelstvo") and defendant Bulgarian-American Credit Bank (the "Bank"). Defendant Bulgarian-American Enterprise Fund ("BAEF") is the majority owner of the Bank, but BAEF had absolutely no knowledge of, or involvement with, the loan that is the subject of this dispute.

In two separate motions which are being filed concurrently with this one, BAEF explained why plaintiff's Complaint should be dismissed first on jurisdictional and venue grounds, and second on the basis of Federal Rules 12(b)(6) and 9(b). This motion is being filed in the alternative. If the Court were, for some reason, to deny both of BAEF's other motions, then this Court should grant this motion and transfer the action to the Northern District of Illinois.

This case does not belong in this Court because the only arguable tie to the United States is that BAEF is headquartered in Chicago, Illinois. Thus, if the dispute is to be litigated in the United States at all, it would be litigated most appropriately in the Northern District of Illinois. BAEF therefore seeks transfer to that venue under 28 U.S.C. § 1404(a).[1]

## FACTUAL BACKGROUND

### A.    The Parties

Stroitelstvo is a company organized under the laws of Bulgaria, commercially registered in Sofia City Court, and headquartered in Sofia, Bulgaria. (Ex. A to Mot. to Dismiss,[2] Loan Agreement ¶ 1; Compl. ¶ 5) Stroitelstvo engages in construction projects in Bulgaria, including the development and construction of residential buildings and the sale of residential units in Sofia. (*See* Ex. A to Mot. to Dismiss ¶ 1.06) Stroitelstvo alleges no business connections in the United States (or outside of Bulgaria) in its Complaint. (Compl. ¶¶ 2, 5)

The Bank is located in Bulgaria and registered as a Bulgarian joint stock company by decision of the Sofia City Court. (Compl. ¶ 7; Ex. A to Mot to Dismiss ¶ 2) BAEF is the majority owner of the Bank. (Compl. ¶ 7; Ex. C to Mot. to Dismiss ¶ 7) Among other things, the Bank operates as an investing bank in the areas of small and medium size enterprise lending, construction lending, and home mortgage lending. (Compl. ¶ 7; Ex. C to Mot. to Dismiss ¶ 7) The Bank has no office in the United States and transacts no business here. (Ex. C to Mot. to Dismiss ¶ 7)

BAEF is a private, not-for-profit U.S. corporation based in Chicago, Illinois. (Ex. C to Mot. to Dismiss ¶ 4) BAEF was originally funded by the United States Congress through

---

[1]    The Bank has not yet been served, and thus this motion is being filed only on behalf of BAEF.

[2]    To avoid unnecessary duplication, all exhibits are attached to BAEF's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rules 12(b)(2) and 12(b)(3), or Alternatively Based on the Doctrine of *Forum Non Conveniens* ("Motion to Dismiss"), which is also being filed on August 8, 2007.

the Support for East European Democracy Act of 1989 (the "SEED Act"), 22 U.S.C. §§ 5402, 5421, which was adopted by Congress in 1989 (and expanded in 1991) to support the development of free markets and private enterprise in the former Soviet bloc following the collapse of the Berlin Wall.  (Compl ¶ 6; Ex. C to Mot. to Dismiss ¶ 3)  BAEF's purpose is to participate in the development and expansion of the economy in Bulgaria by investing in the Bulgarian private sector.  (Compl. ¶ 6; Ex. C to Mot. to Dismiss ¶ 3)  BAEF is incorporated under the laws of Delaware and has its registered agent for service of process in Delaware.  (Ex. C to Mot. to Dismiss ¶ 4)  BAEF has its only U.S. office is in Chicago; it has a second office in Sofia, Bulgaria.  (*Id.*) BAEF regularly transacts its business in Chicago and Bulgaria.  (*Id.*; Compl. ¶ 4)  BAEF is not a resident of the District of Columbia and maintains no office or registered agent there.  (Ex. C to Mot. to Dismiss ¶ 5)  BAEF transacts no business in the District. (*Id.*)

**B.      The Loan Agreement**

The Loan Agreement was entered into by Stroitelstvo and the Bank on March 24, 2005 in Sofia, Bulgaria.  (Compl. ¶ 9; Ex. A to Mot. to Dismiss, Preamble)  The Loan Agreement was signed by Bulgarians -- Metodi Liubenov Dimitrov for Stroitelstvo and Stoyan Nikolov Dinchiiski and Dimitar Stoyanov Voutchev for the Bank.  (Ex. A to Mot. to Dismiss, Preamble)  The Loan Agreement is governed by Bulgarian law.  (*Id.* ¶ 17.07)  BAEF had no involvement in the Loan Agreement and was not even aware of it until it received notice of Stroitelstvo's Complaint.  (Ex. C to Mot. to Dismiss ¶ 8)

Under the Agreement, the Bank agreed to loan 2,659,704 EURO (including interest and a management fee that were payable in advance) to Stroitelstvo for the design and construction of a residential real estate project in Sofia.  (Ex. A to Mot. to Dismiss ¶¶ 1.06 (defining project), 2.01, 2.06 (funds to be used exclusively for the project))  The Bank agreed to

disburse loan funds periodically to Stroitelstvo, subject to various conditions. (*Id.* ¶¶ 3.01, 3.03(d))  Stroitelstvo was required to notify the Bank immediately of certain events of default. (*Id.* ¶ 14.07)

The Loan Agreement anticipated that presales of residential units would occur prior to their completion.  (*Id.* ¶ 1.17)  Stroitelstvo was required to notify the Bank and obtain its approval for any such presales.  (*Id.* ¶ 14.12)  Stroitelstvo also had to transfer proceeds from presale agreements to the Bank as loan repayments until the loan was fully repaid.  (*Id.* ¶¶ 9.05, 9.06, 10.01, 10.03)  Any failure to obtain the Bank's approval for presale agreements was an "Event of Default," as was a failure to transfer presale proceeds to the Bank.  (*Id.* ¶¶ 10.01, 16.01(x); *see also id.* ¶ 10.03(c) (the Bank could refuse to make further disbursements of funds if Stroitelstvo failed to transfer sales proceeds))  In the event of a default, the Bank had the right, among other things, to:  (1) cancel its commitment to disburse any remaining amounts of the loan not yet disbursed; (2) accelerate the loan for immediate repayment; (3) foreclose on collateral; and, (4) seek legal fees incurred to take legal action against Stroitelstvo. (*Id.* ¶¶ 16.04, 16.06)

### C.     Suspension of Credit Under the Agreement

After making disbursements under the Loan Agreement, the Bank learned that Stroitelstvo had failed to obtain the Bank's prior consent for presale contracts and failed to transfer presale agreement payments to the Bank.  (Compl. ¶¶ 15, 16)  The Bank ultimately suspended further disbursements, but in an effort to resolve the dispute, offered to have its affiliated property management company purchase the project from Stroitelstvo and assume the loan.  (*Id.* ¶ 19)  Stroitelstvo declined the offer.  (*Id.* ¶ 20)  After efforts to resolve the default failed, the Bank asserted its right to recover the full amount of the loan.  (*Id.* ¶¶ 15, 21)

### D.    Bulgarian Resolution of the Dispute

On December 12, 2005, the Bank obtained an immediate decree of execution from the Sofia Regional Court (the first instance court) for 970,000 EURO. (Compl. ¶ 21; *see also* Ex. B to Mot. to Dismiss, Settlement Agreement at I. 3; Ex. D, Chernev Decl., ¶¶ 10, 24) On December 15, 2005, the Bank initiated foreclosure proceedings with an execution officer and attached the assets of Stroitelstvo that had been mortgaged to secure the loan. (Ex. D to Mot. to Dismiss ¶ 25)

Thereafter, Stroitelstvo challenged the amount of the writ of execution, and the Sofia Regional Court ruled for partial suspension of the foreclosure proceedings. (Ex. B to Mot. to Dismiss at I. 4; Ex. D to Mot. to Dismiss ¶ 26) The Bank appealed that decision to the Sofia City Court (the district court for the Sofia district). (Ex. B to Mot. to Dismiss at I. 4; Ex. D to Mot. to Dismiss ¶ 27)

In the meantime, however, the Bank and Stroitelstvo entered into a settlement agreement to resolve their disputes ("Settlement Agreement"). (Ex. B to Mot. to Dismiss; *see also* Compl. ¶ 23; Ex. D to Mot. to Dismiss ¶ 28) Under the Settlement Agreement, Stroitelstvo agreed to pay 563,000 EURO to the Bank. (Compl. ¶ 23; Ex. B to Mot. to Dismiss at II. 1; Ex. D to Mot. to Dismiss ¶ 29) The Bank and Stroitelstvo each agreed to waive further claims and appeals based on the Loan Agreement. (Ex. B to Mot. to Dismiss at II. 2-4, 6; Ex. D to Mot. to Dismiss ¶ 29)

### E.    Stroitelstvo Files This Lawsuit

On April 4, 2007, Stroitelstvo filed this action. BAEF was served on June 18, 2007, through its registered agent in Delaware. In its Complaint, Stroitelstvo purports to assert five claims against BAEF: (1) a RICO claim under 18 U.S.C. § 1961(c) (Count One); (2) intentional interference with various contracts Stroitelstvo entered into with third parties

pertaining to the construction project in Bulgaria (Count Three); (3) intentional interference with prospective advantage arising from the Bulgarian construction project (Count Four); (4) breach of fiduciary duty (Count Five); and, (5) civil conspiracy (Count Seven).[3]

**ARGUMENT**

If this case were to remain for some reason in a United States federal court, the proper venue would be the Northern District of Illinois — the home forum of the only American party to the dispute. 28 U.S.C. § 1404(a) provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a) (2007). Under Section 1404(a), BAEF bears the burden of establishing that the transfer is proper. *See e.g.*, *Holland v. A.T. Massey Coal*, 360 F. Supp. 2d 72, 76 (D.D.C. 2004). To do so it must first show that the plaintiff could have brought the action originally in the proposed transferee district. *Id.* It must then demonstrate that "considerations of convenience and the interest of justice weigh in favor of transfer." *Id.*

**I.      This Action Could Have Been Brought In The Northern District Of Illinois.**

Venue is appropriate under 28 U.S.C. § 1391(b) in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

---

[3]    Plaintiff has also asserted a claim for breach of the loan agreement (Count Two) and abuse of process (Count Six), but those claims apparently are alleged only against the Bank.

Subsection (1) is inapplicable because all defendants do not reside in the "same State." For purposes of the chapter, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Stroitelstvo has made no allegations that would suggest the Bank is subject to personal jurisdiction in any U.S. district, much less in one that is in the "same State" as a district in which BAEF is subject to personal jurisdiction. Indeed, the Bank maintains no office and transacts no business in the United States. (Ex. C to Mot. to Dismiss ¶ 7)

Subsection (2) is inapplicable because there is no United States jurisdiction in which "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." To the contrary, the events and omissions at issue occurred in Bulgaria. (*See* Compl. ¶¶ 9-35)

Assuming that those subsections do not apply, subsection (b)(3) would allow the action to be brought in the Northern District of Illinois. BAEF is headquartered, maintains an office and registered agent, and transacts business in Chicago. Thus, BAEF is "found" in the Northern District of Illinois and that is a proper venue. *See Armco Steel Co., L.P. v. CSX Corp.*, 790 F. Supp. 311, 319 (D.D.C. 1991).

## II.    Considerations Of Convenience (Private Interest Factors) And The Interests Of Justice (Public Interest Factors) Weigh In Favor Of Transfer To The Northern District Of Illinois.

In determining whether to transfer an action under § 1404(a), courts weigh private and public interest factors similar to those considered under the *forum non conveniens* doctrine. Here, those factors favor the Northern District of Illinois over this one.

### A.    Private Interest Factors Favor Dismissal.

For purposes of evaluating a motion to transfer, private interest considerations traditionally include: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3)

whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and, (6) the ease of access to sources of proof. *Holland*, 360 F. Supp. 2d at 76. These factors weigh in favor of transfer to the Northern District of Illinois.

### 1. BAEF's Choice of Forum Should be Given More Deference than Stroitelstvo's Because BAEF has Real Ties to the Northern District of Illinois (Factors One and Two).

Plaintiff's choice of forum is not entitled to any deference where, as here, Plaintiff has no connection to its chosen forum. *See, e.g., Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). In a case commenced by a foreign plaintiff, United States courts will not presume that the plaintiff has chosen the forum for its convenience, and the plaintiff's choice of forum will not be afforded the normal deference. *Id.* Instead, it is reasonable to infer that a plaintiff that selects such a forum has done so simply to take advantage of more favorable law or to harass the defendant. *Id.*; *see also Pain*, 637 F.2d at 784 (a plaintiff who chooses a competent but clearly inappropriate forum in which to bring suit should be required to show some reasonable justification for his institution of the action in the forum state).

By contrast, BAEF has substantial ties to the forum where it seeks adjudication of this dispute — it is headquartered and does business in the Northern District of Illinois. Thus, BAEF's choice of forum is based on convenience and should weigh in favor of transfer.

### 2. The Claim Arose In Bulgaria, And Thus Factor Three Is Neutral.

Because the claim arose primarily in Bulgaria, this factor really has no impact on the analysis. To the extent it is even marginally relevant, some behavior underlying the Complaint's allegations could conceivably have occurred in the Northern District of Illinois due to BAEF's presence there (although none is specifically alleged in the Complaint and BAEF is not aware of any). (*See* Ex. C. to Mot. to Dismiss ¶ 8)

### 3. The More Convenient U.S. Forum for Parties and Witnesses is the Northern District of Illinois (Factors Four, Five, and Six).

BAEF and its employees are located in Chicago, whereas no parties or witnesses are located in the District of Columbia. And it is no less convenient for Bulgarian witnesses to fly to Chicago (which is a major international hub) than it is for them to fly to the District of Columbia. To the extent that they are relevant, BAEF documents and witnesses are in the Northern District of Illinois, but no sources of proof are located in the District of Columbia. These factors thus favor transfer to the Northern District of Illinois over retention of the action in this district.

### B. Public Interest Considerations Are Either Neutral Or Weigh In Favor Of The Northern District Of Illinois.

Public interest factors weighed in determining whether to transfer an action under 28 U.S.C. § 1404(a) include: (1) the transferee's familiarity with governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts, and; (3) the local interest in deciding controversies at home. *Holland*, 360 F. Supp. 2d at 76. The first factor does not favor either forum over the other, but the second and third weigh in favor of transfer.

### 1. Neither Jurisdiction Has Greater Familiarity Than The Other in Applying Bulgarian Law (Factor One).

Neither court is presumably familiar with Bulgarian law. Thus, that factor weighs neither for nor against transfer.

### 2. The Northern District of Illinois Appears To Have A Slight Edge With Respect To Docket Congestion (Factor Two).

Both jurisdictions have busy dockets. However, the Administrative Office of U.S. Courts' most recent report (2006 Judicial Business of the United States: Annual Report of the Director, available at http://www.uscourts.gov/judbus2006/completejudicialbusiness.pdf) shows the Northern District of Illinois with a slight edge over the District of Columbia

concerning docket congestion.    According to the report, the median time from filing to disposition for civil cases was 10 months in the District of Columbia compared to 7 months in the Northern District of Illinois.  (*Id.* at Table C5)  Moreover, the median time from filing to completion of a civil trial was 36 months in the District of Columbia compared to 28 months in the Northern District of Illinois.  (*Id.*)  Finally, the District of Columbia had 15% of its cases pending for three years or more while the Northern District of Illinois only had 7% of its cases pending that long.  (*Id.* at Table C6).  Thus, this factor weighs in favor of transfer.

### 3.    The Northern District of Illinois Has Some Interest in this Dispute.

BAEF is a corporation that is headquartered and transacts business in the Northern District of Illinois.  Thus, the third factor public interest factor weighs in favor of transfer to the Northern District of Illinois, which has an interest (however small) in hearing a controversy involving a corporation that is located and regularly conducts business in its district. The District of Columbia has no similar interest in hearing this dispute.[4]

### CONCLUSION

This action has no meaningful connection to the District of Columbia.  Thus, if this Court elects not to dismiss the Complaint entirely, it should transfer this action to the Northern District of Illinois.

---

[4]    The District of Delaware, where BAEF is incorporated, also may qualify as a proper district where the action could have been brought.  However, considerations of convenience and interests of justice would not warrant transfer to Delaware.  The District of Delaware is not a convenient jurisdiction applying private interest factors, as no party has selected it as its preferred forum, none of the actions at issue occurred there, and it offers no convenience advantage for any parties or witnesses.  Public interest factors do not suggest that Delaware is a desirable forum either, as the District of Delaware has no unique familiarity with Bulgarian law, has relatively busy dockets (*see* 2006 Judicial Business Report at Tables C5 and C6), and has no special interest in this dispute.

Dated:  August 8, 2007                    Respectfully submitted,


                                          Karen N. Walker /eee
                                          Karen N. Walker (D.C. Bar No. 412137)
                                          Eunnice H. Eun (D.C. Bar No. 500203)
                                          Samantha A. Gingold (*admission pending*)
                                          KIRKLAND & ELLIS LLP
                                          655 Fifteenth Street, N.W.
                                          Washington, D.C.  20005
                                          Tel.  (202) 879-5000
                                          Fax  (202) 879-5200


                                          Brian D. Sieve, P.C. (*pro hac vice*)
                                          Stephanie A. Brennan (*pro hac vice*)
                                          KIRKLAND & ELLIS LLP
                                          200 East Randolph Drive
                                          Chicago, Illinois  60601
                                          Tel.  (312) 861-2000
                                          Fax  (312) 861-2200

                                          *Attorneys for The Bulgarian-American*
                                          *Enterprise Fund*

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2007, I caused a true and complete copy of Defendant's Motion and Memorandum in Support of its Motion to Transfer the Action to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(A) to be served on the following counsel of record by ECF.

_____
Karen N. Walker

Recipients:

Philip M. Musolino
MUSOLINO & DESSEL
1615 L Street, N.W., Suite 440
Washington, D.C. 20036
Tel.  (202) 466-3883

Sylvia J. Rolinski
Danielle M. Espinet
ROLINSKI & SUAREZ, LLC
14915 River Road
Potomac, Maryland 20854
Tel.  (240) 632-0903