UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STROITELSTVO BULGARIA LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE BULGARIAN-AMERICAN ) <br> ENTERPRISE FUND and THE ) <br> BULGARIAN-AMERICAN CREDIT ) <br> BANK, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 07-634 (RMC) |

**ORDER TRANSFERRING CASE TO THE NORTHERN DISTRICT OF ILLINOIS**

Stroitelstvo Bulgaria Ltd. ("Stroitelstvo"), a contractor in Bulgaria, sues the Bulgarian-American Enterprise Fund ("BAEF") and its subsidiary, the Bulgarian-American Credit Bank ("Bank"), for alleged wrongful and predatory lending and other practices that stripped Stroitelstvo's equity and control over its own assets in Bulgaria. The parties dispute whether the Bank has been properly served according to the requirements of the Hague Convention.[1] BAEF has moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (b)(3), and (b)(6). *See* Dkt. ## 26 & 27.

In the correct venue, it may be the case that Stroitelstvo's allegations that BAEF violated the Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. § 1961 *et seq.*, provide a district court with jurisdiction over BAEF, which is, after all, a U.S. corporation

---

[1] The Bank has entered no appearance. Its status will be determined by the transferee court.

sued in its own country.[2]  Stroitelstvo, however, has sued in the wrong venue.[3]

The Court has resuscitated BAEF's earlier Motion to Transfer[4] [Dkt. # 12] and will grant it; the Court will leave resolution of the pending motions to dismiss [Dkt. ## 26 & 27] up to the transferee court.  This case will be transferred to the Northern District of Illinois.  *See* 28 U.S.C. § 1404(a) ("in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought."); *see also Michilin Prosperity Co., Ltd. v. Dudas*, 2007 WL 2225890, at *1 (D.D.C. July 31, 2007) (the decision of whether to dismiss or transfer rests within the sound discretion of the district court).

Under 28 U.S.C. § 1404(a), a district court may transfer venue when two requirements are met: (1) the proposed transferee district is one in which the action might have been brought originally; and (2) the court decides, in the exercise of its discretion, that the transfer is warranted.  *See DeLoach v. Philip Morris Cos., Inc.*, 132 F. Supp. 2d 22, 24-25 (D.D.C. 2000).  In deciding whether transfer is warranted, courts should consider the convenience of the parties and witnesses, as well as the "interests of justice."  28 U.S.C. § 1404(a).  It is the party seeking transfer of venue that bears the burden of establishing that the relevant factors favor transfer.  *See Armco Steel Co., L.P. v. CSX Corp.*, 790 F. Supp. 311, 323 (D.D.C. 1991).

---

[2] BAEF is headquartered in Chicago, Illinois and was established under Delaware law.

[3] BAEF argues that this case belongs in Bulgaria, if anywhere, because of the forum selection clause in the Loan Agreement at issue.  *See* Am. Compl., Ex. A. (the Loan Agreement is governed by Bulgarian law); BAEF's Mem. in Supp. of Mot. to Dismiss [Dkt. # 26] at 9.  However, BAEF is not alleged to have breached the contract between Stroitelstvo and the Bank.  Accordingly, the forum selection clause in the Loan Agreement is inapplicable.

[4] *See* BAEF's Mem. in Supp. of Mot. to Dismiss [Dkt. # 26] at 2 n.2 (asking in the alternative for the Court to resuscitate its motion to transfer).

**A.  This Action Could Have been Brought in the Northern District of Illinois**

Venue is appropriate under 28 U.S.C. § 1391(b) in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred" or in which "any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. §§ 1391(b)(2) and (b)(3). *See also* 18 U.S.C. § 1965(a) (RICO's venue provision) (providing that an action may "be instituted in the district court of the United States for any district in which [a defendant] resides, is found, has an agent, or transacts his affairs."). Stroitelstvo concedes that this action could have been brought in the Northern District of Illinois. *See* Pl.'s Opp'n to Mot. to Transfer [Dkt. # 19] at 11 n.9.

**B.  Private and Public Interest Factors Weigh in Favor of Transfer to the Northern District of Illinois**

In determining whether to transfer an action under § 1404(a), courts weigh private and public interest factors. *See Trout Unlimited v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996). Here, those factors favor transfer to the Northern District of Illinois.

1.  <u>Private Interest Factors Favor Transfer</u>

For purposes of evaluating a motion to transfer, private interest considerations traditionally include: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof. *Holland v. A.T. Massey Coal*, 360 F. Supp. 2d 72, 76 (D.D.C. 2004).

Despite Stroitelstvo's choice of the District of Columbia as its forum,[5] the Court

---

[5] A plaintiff's choice of forum is entitled to deference, "except when the plaintiff is a foreigner in that forum." *Thayer/Patricof Educ. Funding, LLC v. Pryor Res., Inc.*, 196 F. Supp.

concludes that the private interest factors weigh in favor of transfer to the Northern District of Illinois. BAEF is headquartered and does business in Chicago. There are no apparent ties to the District of Columbia by either Stroitelstvo or BAEF. Stroitelstvo states that "[t]he District of Columbia was chosen by plaintiff because it is convenient to plaintiff," Pl.'s Opp'n to Mot. to Transfer [Dkt. # 19] at 13, but fails to explain why the District of Columbia is any more convenient than the Northern District of Illinois for a Bulgarian business with no ties to the United States. The fact that Stroitelstvo's counsel are located in the District of Columbia "carries little, if any, weight in an analysis under § 1404(a)." *Armco*, 790 F. Supp. at 324. The reports sent by BAEF to a governmental agency located in the District of Columbia and the mere fact that BAEF was established pursuant to the SEED Act do not change the Court's analysis. Finally, Stroitelstvo has not argued that any witnesses are located in the District of Columbia. Presumably, it would be no less convenient for Bulgarian witnesses to travel to Chicago than it would be for them to travel to the District of Columbia. The private interest factors favor transfer to the Northern District of Illinois.

        2.        Public Interest Factors Favor Transfer

Public interest factors in determining whether to transfer an action under 28 U.S.C. § 1404(a) include: (1) the transferee's familiarity with governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts, and; (3) the local interest in deciding

---

2d 21, 31-32 (D.D.C. 2002). "[W]hile the plaintiff's choice of forum is generally entitled to deference, where the forum choice has no factual nexus with the lawsuit . . . plaintiff's choice of forum may be accorded less weight in a section 1404(a) analysis. In fact, the presumption may switch to defendant's favor when neither party resides in the chosen forum and the cause of action arises elsewhere." *Abbott Labs. v. U.S. Fid. & Guar. Co.*, No. 88-2232, 1989 WL 5557, at * 2 (D.D.C. Jan. 10, 1989) (citations and internal quotation marks omitted).

controversies at home. *Holland*, 360 F. Supp. 2d at 76.

To the extent that either federal or international law must be applied to the facts of this case, one federal court is no better equipped than another federal court to interpret and apply that law. *See, e.g.*, *Thomas v. Potter*, No. 05-1923, 2006 WL 314561, at *2 (D.D.C. Feb. 9, 2006) (granting motion to transfer, stating that "there is certainly no reason why all cases involving the construction or constitutionality of a federal statute should be litigated in the District of Columbia") (internal citations omitted). Moreover, while both jurisdictions have busy dockets, the Northern District of Illinois has more of a "local interest" in hearing a controversy involving a corporation that is headquartered and transacts business in Chicago. *See Original Creatine Patent Co., Ltd. v. Met-Rx USA, Inc.*, 387 F. Supp. 2d 564, 572 (E.D. Va. 2005) (transferring case brought by a British plaintiff-company to the Eastern District of New York, where defendant was headquartered, stating that "[i]n a case brought by a foreign plaintiff against an out-of-state defendant, there is little local interest in having the matter decided in Virginia."). The public interest factors favor transfer to the Northern District of Illinois.

Stroitelstvo, a business based in Bulgaria, has failed to convince the Court that the District of Columbia, a judicial district having little to nothing to do with the parties or underlying facts of this case, is an appropriate venue. Considering all the factors, the Court concludes that the Northern District of Illinois is a far more appropriate venue for this case. The Court will leave resolution of the pending motions to dismiss [Dkt. ## 26 & 27] up to the transferee court. Accordingly, it is

**ORDERED** that Defendant's Motion to Transfer [Dkt. # 12] is **GRANTED**; and it is

**FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1404(a), this case is **TRANSFERRED** to the United States District Court for the Northern District of Illinois.

**SO ORDERED**.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

Date: April 29, 2008